The Chief Justice
delivered the opinion of the court.
This case comes before us on a writ of error to the Inferior Court of Common Pleas of the county of Warren, and divers bills of exceptions.
The action is in tiover and conversion. The plaintiff below claimed title to the chattels in question under a sale made made by Eobert D. Stewart, as deputy sheriff, by virtue of an execution in the hands of Van Oleve Moore, the sheriff of the county. The deputy sheriff being offered as a witness on the part of the plaintiff, the defendant objected to his admission and “offered to prove him interested in the event of the suit, by offering to prove that the said Eobert D. Stewart was forbid by Matthew Lowrey to sell the property, who claimed it as his; and -was so situated in relation to the property in controversy, as in case of a failure of a recovery by the plaintiff, he would be liable to refund the money by him received from the plaintiff for the property sold ; and that he was liable as a trespasser in case it should eventuate that the property levied on by him was not the property of the defendant in execution; that the said Eobert D. Stewart had a principal hand in instituting and advising and directing the prosecution of this suit; and that he hod entered into an express agreement to pay part of the costs of this suit, in case the plaintiff should fail therein to recover. To this evidence being received, the plaintiff by his counsel objected; and after argument the court refused to admit this evidence now offered.”
According to the ease thus exhibited in the bill of exceptions, the defendant offered to prove five distinct propositions, each exhibiting, as he alleged, a ground of interest in the witness, in the event of the suit. If he was so situated in relation to the property in controversy, as to be liable to refund the money received by him from the plaintiff for the *278 property sold in case *of the failure of the plaintiff to recover; and if he was under an express agreement to pay part of the costs of the suit in case the plaintiff should fail, he was interested in the event of the suit; for the success of the plaintiff, which his testimony was offered to produce, would have extinguished the liability of the witness ; and if these propositions had been established, before the court, by-proof, he ought to have been excluded. But the court refused to hear proof in support of them, thereby , virtually declaring that, if proved, they would not be sufficient to induce the rejection of the witness. It was said that the situation of the witness and his liability here referred to, were but an inference from the official character in which he had acted in the sale of the property. I do not so understand the bill of exceptions. As I understand it, the defendant offered to prove this matter as a distinct, independent proposition; and this seems the more certain, because before the proof was offered, the question on the admissibility, of the witness, on account of his official station, had already been debated and decided. It was farther argued, that the proof, as proposed, was too vague; that the facts whereby these propositions were to be established, should have been offered to the court. If these facts had been offered, there would have been then before the court, both the proposition to be proved, and the manner of proving it; and both, or either, would have been open to objection. But without calling for or requiring any statement of the manner of proof, the court, on the objection of the plaintiff, have in effect rejected all manner of proof; because by refusing to hear the proof they have declared the proposition, if established in fact, not to contain sufficient ground to exclude the witness. It was argued as to the costs, that the agreement alleged, was to pay part only, which may have been a cent or other small amount. But •the fact of interest, not the amount, is the ground of exclusion. And again, it was argued, that the' agreement may *279 have been, without consideration; by parol; or otherwise without legal obligation. But because such might have been the result, it does not follow that the proof should not have been heard. In case the proof had been heard, and was found. not to establish an available agreement, the objection to the witness, in this particular, would have been overruled.
*The court, in my opinion, erred in not admitting the proof offered by the defendant to establish the two above mentioned grounds of interest proposed by way of objection to the witnesses.
Judgment reversed.